Green, J.
delivered the opinion of the court.
The suit in this case was commenced the 13th day of July, 1836, against the plaintiff in error, upon a simple contract debt entered into by his intestate in his life time. The defendant below pleaded that his intestate died in March, 1834, that one Brewry Brimson administered on his estate on 5th May, 1834, and died on the 24th August following, that himself and one Benjamin Kelly, since deceased, took out letters of administration, de bonis non, on the 4th August, 1825, and that more than two years elapsed after the first grant of administration upon the estate of his intestate, befóse the suit was commenced. To this plea there was a demurrer, which was sustained by the court below, and a judgment was ren-, dered for the plaintiff, from which this appeal in error is prosecuted. It appears from the plea, that the first administrator died in less than six months after obtaining letters, and that two years had not elapsed after the second administration was granted, before this suit was commenced, but more than two years elapsed from the qualification of the first administrator, before the suit was brought. The question is, whether the act of limitations of 1789, c 23, § 4, is a bar to the action.
By the act of 1829, c 57, it is provided, that an executor or administrator shall not be liable to answer any suit which shall be commenced in six months after his qualification as such, and that all such suits maybe abated or dismissed at the cost of the plaintiff. I3y the act of 1831, c 23, it is further provided, that any judgment obtained against an executor or *485 administrator within six months from the time of his cation, shall be void, and it shall be the duty of such executor or administrator, to plead the act of 1829, c 57, to any suit brought against him in said time. In construing this very act of 1789, c 23, § 4, this court in the case of Bradford vs. McLemore, 3 Yerg. Rep. 318, says, “the act was passed to protect the property and estate of the deceased from all claims not demanded and sued for within two years after there was a representative subject to be sued and,- a creditor capable of suing. The time to form the bar commences with the capacity to sue.” To apply this principle, we have seen that the act of 1829, c 57, and the act of 1831, c 23, prohibited a suit to be brought until six months shall elapse from the qualification of the administrator; until after that time there was no representative subject to be sued “nor creditor capable of suing;”. and before the expiration of that time, the first administrator dying, left the parties as though there had been no administration, until the plaintiff in error qualified. The acts of 1829 and 1831, before referred to, have the effect of suspending the operation of the act of 1789, c 23, § 4, during the period mentioned in those acts, before the expiration of which time it cannot be said that the said act of 1789, commences running. It is as though the provisions of these two actó were interpolated upon the act of 1789, making that act to say that no suit shall be brought against an executor or administrator, within six months after his qualifications as such, and all claims not prosecuted within eighteen months thereafter shall be forever barred. This construction of the several acts of 1789, 1829, and 1831, we think inevitably follows from the principles heretofore established by this court. A.s the first administrator died before the expiration of six months» the act did not commence running in his favor, and after his death it could not commence to run until the present plaintiff in error qualified. We think, therefore, there is no error in the judgment, and order that it be affirmed.
Judgment affirmed.